IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**MARIA ZUNIGA, EMILY HERNANDEZ,
JENNIFER GALLEGOS, CASSANDRA GUTIERREZ,
PRISCILLA GUTIERREZ, STEPHANIE MANZANARES,
and PAT VIGIL, on behalf of themselves and all others similarly situated,**

        **Plaintiffs,**

vs.                                                                   Civ. No. 11-877 RHS-ACT

**BERNALILLO COUNTY, JULIAN BARELA,
and DAN MAYFIELD,**

        **Defendants.**


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Opposed Motion to Modify Rule 16 Order and for Leave to File Second Amended Complaint [Doc. 69] filed on December 27, 2012 ("Motion"). [1] Defendant Bernalillo County filed its Response to Plaintiff's Opposed Motion to Modify Rule 16 Order and for Leave to File Second Amended Complaint [Doc. 71] on January 14, 2013 ("Response"). Plaintiffs filed their Reply in Support of Plaintiffs' Opposed Motion to Modify Rule 16 Order and for Leave to File Second Amended Complaint [Doc. 74] ("Reply") and Notice of Completion of Briefing [Doc. 75] on January 24, 2013. The Court,

---

[1] Once again, Plaintiffs have failed to adequately inform the Court of the nature and extent of counsel's efforts to "confer in good faith" to determine whether the motion would be opposed. A mere statement that counsel "contacted Defendants to ascertain their disposition on the motion, but have not heard back" does not indicate a serious attempt to satisfy the "duty to confer" in good faith requirements of Fed.R.Civ.P. 37(a)(1) and D.N.M.LR-Civ. 7.1. To the contrary, this statement indicates a failure to make a good faith effort to satisfy the "duty to confer" requirement. Counsel are instructed to refer to the Court's Memorandum Opinion and Order [Doc. 70] for future requirements imposed on counsel in this case.

having considered the parties' filings, the relevant law, and otherwise being fully advised, finds that Plaintiffs' Motion is well taken and will be GRANTED.

## Background Facts

This case arises from Plaintiffs' allegations of discrimination and retaliation by Defendant Bernalillo County ("County") and, in some instances, Defendants Julian Barela and Dan Mayfield (collectively "Defendants") on the basis of their female gender. The First Amended Complaint alleges individual and class action claims, including allegations for gender discrimination under Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act. [Doc. 21, pp. 10 – 17.] The named Plaintiffs seek class certification for "[a]ll female employees grade C through H who are, were, or will be employed by the County of Bernalillo at any time between June 18, 2008 and the present." [Doc. 21, p. 10.]

Plaintiffs filed their original complaint on September 29, 2011. [Doc. 1.] The Court issued its Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines [Doc. 12] ("Scheduling Order") on February 23, 2012, setting Plaintiffs' deadline to add additional parties or to amend pleadings for April 20, 2012. Plaintiffs' sought leave of the Court to file their First Amended Compliant on April 5, 2012 [Doc. 13] to add Mindy Hoerter as a named Plaintiff, which was granted on April 26, 2012. [Doc. 20.] Accordingly, Plaintiffs filed their First Amended Complaint on May 1, 2012. [Doc. 21.]

Plaintiffs now seek to file a second amended complaint to add Deanna Miglio ("Miglio") as a named Plaintiff. Ms. Miglio filed a Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau ("NMHRB") and the United States Equal Employment Opportunity Commission ("EEOC") on March 23, 2011. [Doc. 69-2.] The

NMHRB issued its Order of Non-determination on September 25, 2012 [Doc. 69-3, pp. 1 – 2], and the EEOC issued its Dismissal and Notice of Rights on September 20, 2012. [Doc. 69-3, p. 3.][2]

Plaintiffs argue there is good cause to amend the scheduling deadlines under Fed.R.Civ.P. 16 because they were unaware of Ms. Miglio's allegations of discrimination against the County and Ms. Miglio was unaware of the Plaintiffs' action against the County until "recently". [Doc. 69, p. 5.] Plaintiffs' further argue that the amendment should be allowed under Fed.R.Civ.P. 15 because the addition of Ms. Miglio will not unduly delay this matter and will not unduly prejudice Defendants. [Doc. 69, pp. 6 – 8.] Defendants do not address Plaintiffs' argument with regard to Rule 16, but oppose Plaintiffs' Motion under Rule 15 on the grounds that adding Ms. Miglio as a named plaintiff is untimely and unduly prejudicial. [Doc. 71.] The issue before the Court is whether there is good cause to amend the scheduling order and, if so, whether the amendment has been unduly delayed or is unduly prejudicial to Defendants.

## Discussion

The deadline for Plaintiffs' to amend their pleadings was April 20, 2012. That deadline, which was about eight months prior to Plaintiffs' filing their current Motion to Amend, implicates Rule 16(b)(4) (Modifying a Schedule). *ACC Consultants, Inc. v. Logistics Health, Inc.*, CIV. 09-1145 JP/RHS, 2011 WL 5212262, *4 (D.N.M. Feb. 25, 2011). "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Rule 15(a) governs amendments to the pleadings. Fed.R.Civ.P. 15(a). Since Plaintiffs seek to amend their complaint more than 21 days after service of the responsive pleading, Plaintiffs can only amend

---

[2] The Dismissal and Notice of Rights and Order of Non-determination are commonly called "right-to-sue" letters and the Court will refer to them collectively as such.

with the written consent of the Defendants or the leave of the court. Fed.R.Civ.P. 15(a)(2). Defendants did not give their consent in this case.

The Tenth Circuit Court of Appeals has not addressed how Rules 16(b)(4) and 15(a)(2) should be applied in a case like this where a party wants to amend a pleading after the scheduling order deadline for amending pleadings has passed. *ACC Consultants*, 2011 WL 5212262, *4 (citing *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir.2009)); see also *Bylin v. Billings*, 568 F.3d 1224, 1232, FN 10 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205, FN 4 (10th Cir. 2006). However, the Courts in this district have held that a motion to amend a pleading, filed after the deadlines imposed by a scheduling order, is governed by the "good cause" standard of Rule 16(b) rather than the more lenient Rule 15(a) standard. *ACC Consultants*, 2011 WL 5212262, *4 (citing *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M.2002)). The moving party must first succeed in showing "good cause" for modifying the Scheduling Order deadline for amending pleadings, then the Court will apply Rule 15(a)(2) to determine if it would be appropriate to grant the Motion to Amend. *Id.* (finding the Court's rational in *Rowen* persuasive and, therefore, applying the Rule 16(b)(4) standard first); see also, *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, CIV02-1146 JB/LFG, 2007 WL 2296955, *3 (D.N.M. June 5, 2007) ("when a party files a motion to amend after the scheduling order's deadline has passed, (i) the movant must first demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)"; and (ii) "if the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a).").

1. <u>Federal Rule of Civil Procedure 16</u>

Rule 16(b)(4) states that a court's scheduling order "may be modified only for good cause and with the judge's consent." See also, D.N.M.LR–Civ. 16.1 ("Modification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval."). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo,* 2007 WL 2296955, *3 (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co*., 986 F.Supp. 959, 980 (D.S.C.), aff'd on other grounds, 129 F.3d 116 (4th Cir.1997)); accord *ACC Consultants*, 2011 WL 5212262, *4. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc*., 879 F. Supp. 2d 1228, 1244 (D.N.M. 2012) (quoting *Advanced Optics Elecs., Inc. v. Robins*, 769 F.Supp.2d 1285, 1313 (D.N.M.2010) (Browning, J.)); *Trujillo*, 2007 WL 2296955, *3, (quoting *Dilmar Oil*, 986 F.Supp. at 980). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *ACC Consultants*, 2011 WL 5212262, *4 (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir.1992)).

In this case, the deadline to amend could not be met by Plaintiffs despite diligent efforts because Ms. Miglio could not have been a party to this, or any, lawsuit until after she received her right-to-sue letters. The filing of a discrimination charge with either a state or federal administrative agency is a jurisdictional prerequisite to filing a Title VII discrimination suit in federal court. *Echols v. Today's Staffing*, 35 F. App'x 776, 777 (10th Cir. 2002) (citation

omitted). "Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Id.*, (quoting *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.1999) (citations omitted).

While Ms. Miglio filed her Charge of Discrimination with the EEOC and NMHRD in March of 2011, she was not issued "right to sue" letters until September of 2012. By then, the April 20, 2012, deadline to amend and add parties in this case had passed. Since Plaintiffs could not have added Ms. Miglio as a named plaintiff until several months after the deadline to amend had passed, despite any diligent efforts made, there is good cause to allow an amendment to the Scheduling Order.

2. <u>Federal Rule of Civil Procedure Rule 15</u>

Rule 15(a)(2) provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave." The Rule specifies that "the court should freely give leave when justice so requires." *Id.*; *Minter*, 451 F.3d at 1204. The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982)). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*, 371 U.S. at 182 (quoting Fed.R.Civ.P. 15(a)).

Defendants argue that Plaintiffs' proposed amended complaint is both untimely and unduly prejudicial. Timeliness and prejudice are obviously closely related, but the Court will evaluate each. *Minter,* 451 F.3d at 1205.

 a. <u>Timeliness/Undue Delay</u>

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. 371 U.S. at 182, 83 S.Ct. 227. Unlike other courts of appeal, the Tenth Circuit focuses primarily on the reasons for the delay. *ACC Consultants*, 2011 WL 5212262, *5 (citing *Minter*, 452 F.3d at 1206). "Emphasis is on the adjective: 'Lateness does not of itself justify the denial of the amendment.'" *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co*., 525 F.2d 749, 751 (10th Cir.1975)). Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Minter* 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir.1993)).[3]

Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present one theory after another in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial. *Minter*, 451 F.3d at 1206 (quotations and citations omitted). Undue delay also occurs when a plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint. *Id.*, at 1207; *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991) (quoting *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) ("Where

---

[3] Citing *Woolsey v. Marion Laboratories, Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991), Defendants argue that "untimeliness, alone, is a sufficient reason to deny leave to amend." [Doc. 71, p. 2] *Woolsey* is not inconsistent with *Minter* because "[t]he decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion…." *Woolsey*, 934 F.2d at 1462. Further, in *Woolesy*, not only was the motion to amend brought 17 months after the original complaint was filed, the Court also found there was no explanation for the delay. Woolsey's counsel simply noted that, in researching another matter he had identified an additional cause of action. *Id*. Under those circumstances, the court found the amendment was unduly delayed.

the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.").

In this case, Plaintiffs' provide an adequate explanation for the delay: they did not know of Ms. Miglio's EEOC and NMHRB charge and Ms. Miglio had not contacted Plaintiffs' counsel or established an attorney/client relationship with them until recently. [Doc. 69, p. 4.] Therefore, Plaintiffs were not aware of all the information on which the proposed amended complaint is based prior to filing the original complaint or prior to the deadline to amend under the Scheduling Order. Further, the addition of Ms. Miglio does not make the compliant a moving target, add additional theories, or come on the eve of trial.

Defendants argue that Plaintiffs knew at least by October of 2012 that Ms. Miglio was a potential plaintiff as they attached her EEOC Charge to their motions papers. [Doc. 71, p. 3 (referring to Doc.56-1, p. 1).] However, even though Plaintiffs' knew of Ms. Miglio's EEOC Charge in October, 2012, Plaintiffs still could not have met the deadline to amend and add parties, as discussed above. That Plaintiffs took from October to December to file their motion to amend is adequately explained: it was not until recently that Ms. Miglio expressed an interest in joining the lawsuit, and the currently named Plaintiffs needed to be consulted prior to amending their complaint. [Doc. 69, p.5.] Therefore, undue delay cannot be the basis for denying the amendment in this case.

  b. <u>Undue Prejudice</u>

The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party. *Minter*, 451 F.3d at 1207-08. "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the

opposing party would result." *Id*. at 1208 (quoting *United States v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960)) (other citations omitted). Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. *Id*. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. *Id*.

Defendants argue that the addition of Ms. Miglio at this stage of the proceedings will be prejudicial to them. [Doc. 71, p. 3.] Defendants claim that the "discovery directed to class certification has already been developed based on the existing parties."  Plaintiffs have a continuing duty to supplement discovery responses in a timely manner if their responses to any discovery requests are incomplete. Fed.R.Civ.P. 26(e). Pursuant to the Court's Order Resetting Case Management Deadlines, the class certification motion is due in July 2013 ("Plaintiffs' Class Certification Motion shall be due one-hundred-seventy-nine (179) days after the date of the Court's decision on Plaintiffs' First Motion to Compel."). [Doc.68, p. 2.]  Therefore, there is ample time, prior to the motion on class certification, for Plaintiffs to supplement their discovery responses as to Ms. Miglio.

Defendants further argue that the addition of Ms. Migilo will cause the current case scheduling deadlines to be extended again. Defendants do not explain why those deadlines will need to be extended and the Court does not see any such need at this time.  Finally, Plaintiffs are not substantially amending their claims, the claims of Ms. Miglio do not arise out of a subject matter different from what was set forth in the original complaint or raise significant new legal or factual issues.  Accordingly, Defendants will not be unduly prejudiced by the addition of Ms. Miglio as a named plaintiff.

**Conclusion**

Plaintiffs Opposed Motion to Modify Rule 16 Order and for Leave to File Second Amended Complaint is GRANTED. Plaintiffs will have 20 days from the date of this Order to file their Second Amended Complaint and supplement their discovery responses as to Ms. Miglio.

**IT IS SO ORDERED:**

_____
Alan C. Torgerson
United States Magistrate Judge