## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARIA ZUNIGA, EMILY HERNANDEZ,**
**JENNIFER GALLEGOS, CASSANDRA GUTIERREZ,**
**PRISCILLA GUTIERREZ, STEPHANIE MANZANARES,**
**and PAT VIGIL, on behalf of themselves and all others similarly situated,**

       **Plaintiffs,**

**vs.**                                                    **Civ. No. 11-877 RHS-ACT**

**BERNALILLO COUNTY, JULIAN BARELA,**
**and DAN MAYFIELD,**

       **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Bernalillo County's ("County" or "Defendant") First Motion to Compel Plaintiffs'[sic] to Fully Answer and Respond to Defendants' First Set of Interrogatories and Requests for Production of Documents [Doc. 48] filed on October 04, 2012 ("Motion"). Plaintiffs' Response to Defendant's First Motion to Compel [Doc. 35] was filed on October 24, 2012 ("Response"). The County's Reply in Support of Its First Motion to Compel Plaintiffs' [sic] to Fully Answer and Respond to Defendants' First set of Interrogatories and Requests for Production of Documents [Doc. 59] was filed on November 8, 2012 ("Reply") and the Notice of Completion of Briefing [Doc. 63] was filed on November 13, 2012. The Court, having considered the parties' filings, the relevant law, and

otherwise being fully advised, finds that the County's Motion will be GRANTED in part, as set forth below.

## INTRODUCTION

### A. Background Facts

This case arises from Plaintiffs' allegations of discrimination and retaliation by the County on the basis of their female gender.  The Complaint alleges individual and class action claims, including allegations for gender discrimination under Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act.  [Doc. 1, pp. 11 – 16.]  The named Plaintiffs seek class certification for "[a]ll female employees grade C through H who are, were, or will be employed by the County of Bernalillo at any time between June 18, 2008 and the present." [Doc. 1, p. 9.]  The Court bifurcated class certification discovery and merits discovery.  [Doc. 11 and Doc. 12.]  This case is currently before this Court regarding discovery disputes pertinent to class certification.

### B. Defendant's Motion is in Violation of the District of New Mexico Local Rules and the Federal Rules of Civil Procedure.

Defendants' Motion is in violation of D.N.M.LR-Civ. 37.1. Local Rule 37.1 requires that a party seeking relief pursuant to Rule 37(a) "must attach to the motion a copy of (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto." The County has attached complete copies of Plaintiffs' Answers and First Supplemental Answers to Defendant's Interrogatories and Requests for Production rather than quoting the Interrogatory or Request for Production, along with the response, in the body of the motion or attaching just the pertinent Interrogatories and Requests for Production in issue. [Doc. 48-1; Doc. 48-3.]  The Court does not

need, nor do the Local Civil Rules require that, all discovery requests and responses be filed with the Court.

Defendant's Motion is also in violation of D.N.M.LR-Civ. 7.1 and Fed.R.Civ.P. 37(a)(1). Local Rule 7.1 requires "[m]ovant must determine whether a motion is opposed and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." Federal Rule 37(a)(1) requires that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."   Defendant's motion is void of any recitation that it determined whether the motion was opposed.  Further, the only indication that Defendant made any effort to resolve the discovery dispute was to send a letter demanding supplementation.  [Doc. 48-4, dated August 16, 2012]. [1] As the Court recently advised the parties [Doc. 70], the duty to confer requires more than setting forth conflicting positions in written correspondence.  To confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together." *Hoelzel v. First Select Corp*., 214 F.R.D. 634, 635 (D. Colo. 2003).  In this regard, counsel for the County failed to comply with both the letter and the spirit of the Local Rules and Federal Rules of Civil Procedure.

It appears to the Court that had the County engaged in a proper meet and confer, at least some of the issues raised in the Motion could have been resolved.  For example, Plaintiffs agree to provide a privilege log after the motion was filed. [Doc. 53, p. 1 and pp. 7 – 8.] In addition,

---

[1] It appears the only "meet and confer" which took place was an exchange of lengthy letters. [Docs. 48-2 and 48-4.] *There is nothing in the record* to suggest counsel for the County made any additional efforts to resolve these discovery disputes.  Counsel for the County simply made a demand in an attempt to meet the "good faith" requirements as mandated by Fed.R.Civ.P. 37(a)(1) and D.N.M.LR-Civ. 7.1(a) rather than demonstrate true compliance. The meet and confer requirement to try to resolve disputes is not simply a formality that must be complied with before filing a motion and it cannot be complied with by merely exchanging letters setting forth each parties position. It requires a face to face, or at a minimum, a telephonic conference wherein counsel try in "good faith" to resolve the dispute by comparing views, further explaining or clarifying their position, and if appropriate, offering a compromise in order to resolve the dispute.

Plaintiffs agreed to provide additional documents in response to Request for Production No. 1, although it appears no such documents have been produced. [Doc. 48-3, p. 8.]  Further, Plaintiffs provided specific information regarding Plaintiff Mindy Hoerter in response to Interrogatory No. 10 that could have, and should have, been produced in a supplemental answer.  [Doc. 53, pp. 4-5.]

The Court's previous admonishments [Doc. 70] are worth repeating here: a motion to compel is not the appropriate vehicle for working out discovery disputes.  If Plaintiffs' counsel knows there is information that should be produced or a duty to provide a privilege log, they should produce the information or provide a privilege log without the County having to file a motion to compel.  On the other hand, had counsel for the County engaged in a meaningful meet and confer with Plaintiffs' counsel, the parties may have been able to eliminate some of the disputes prior to seeking the assistance of the Court.

The mandatory good faith effort in a meet and confer conference also fulfills the delay and expense cost saving provisions of the Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471, et. seq. The CJRA and the subsequent amendments to the Federal Rules of Civil Procedure in 1993 and 2000 evidence an intent to simplify and expedite the litigation process and thereby reduce the delay and costs of litigation.  Failing to meet and confer in good faith before filing a motion not only adds to the expense and delay in the litigation process, it also consumes valuable judicial resources.

In summary, the failure of the County's counsel to comply with the Local Rules of Civil Procedure for the District of New Mexico would justify a denial of the County's Motion. Nevertheless, in spite of the County's failure to comply with the Federal Rules, the Local Rules and the prior Orders of this Court, the Court will address the County's Motion on the merits, just

like it did with respect to two recent motions to compel filed by the Plaintiffs. Counsel for Plaintiffs and Defendant are hereby advised that any future failures to comply fully with the Federal Rules of Civil Procedure, the Local Rules or the Orders of this Court will result in a summary denial of any discovery motions submitted by either side, as well as, a recommendation that sanctions be entered against the offending party or parties.

## RELEVANT LAW

### A.  Discovery in General

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Federal courts have held that the scope of discovery under Rule 26 is deliberately broad. *Hickman v. Taylor*, 329 U.S. 495, 501 (1974); see *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004 (Browning, J.). However, discovery can be limited by the Court "if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. (b)(2)(iii).

A discovery request is considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005). Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.* When the discovery sought appears relevant on its face, the party

resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id.* Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request. *Cardenas*, 232 F.R.D. at 382-83. A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002) (unpublished). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520.

A party is required to answer an interrogatory separately and fully, unless it is objected to, in which event the objecting party must answer to the extent the interrogatory is not objectionable. Fed. R. Civ. P. 33(b)(1). "[A]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). The burden is on the objecting party to show why an interrogatory is improper. 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2173, at 291-92. Unless an interrogatory is vague or overly broad on its face, the party objecting to discovery as vague or overbroad has the burden to show such vagueness or overbreadth. *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 458 (D. Kan. 2006) on reconsideration sub nom. *In re: Urethane Antitrust Litig.*, 04 MD 1616JWL DJW, 2007 WL 140987 (D. Kan. Jan. 17, 2007). Likewise, a party on whom a request for production is served must state that inspection and related activities will be permitted as requested, or raise an objection. If an objection is made to part of an item or category, that part shall be specified and inspection permitted of the remaining parts. Fed. R. Civ. P. 34(b).

**B.  Rule 23 Class Certification Requirements**

At this stage of the case, the issue is whether the proposed discovery is relevant to class certification. *Barnhart v. Safeway Stores, Inc*., 25 Fed. R. Serv. 3d 35, *2 − 3 (E.D. Cal. 1992). Discovery on class certification is not a matter of ascertaining whether Plaintiffs will prevail on the merits, but whether the moving party can establish that the discovery is pertinent to Fed.R.Civ.P. 23 class certification requirements. Nonetheless, a consideration of the merits, to a certain extent, is inextricably intertwined with the Rule 23 requirements of commonality and typicality.  *Id.*

Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). Fed.R.Civ.P. 23(a); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997).

In addition to satisfying the Rule 23(a) prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3).   Fed.R.Civ.P.23(b); *Amchem Prod.*, 521 U.S. at 614.   Plaintiffs assert that either Rule 23(b)(2) or (3) are applicable to their case.  [Doc. 1, pp.10, 11; Doc. 42, p. 4; Doc. 47, pp. 3 − 4.]  Rule 23(b)(2) permits class actions for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds generally applicable to the class." *Amchem Prod*., 521 U.S. at 614.  To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must "predominate over any questions affecting

only individual members"; and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prod.*, 521 U.S. at 615.

The Interrogatories and Requests for Production at issues in this motion relate to commonality and typicality.

    1. <u>Commonality</u>

To meet the "Commonality" requirement, members of a putative class must "possess the same interest and suffer the same injury." *Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 620 (D. Kan. 2008) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). "A common question is one that can be resolved for each class member in a single hearing, such as the question of whether an employer engaged in a pattern and practice of unlawful discrimination against a class of its employees." *Id.* (quoting *Thorn v. Jefferson–Pilot Life Ins. Co*., 445 F.3d 311, 319 (4th Cir.2006)). A question is not common, by contrast, if its resolution "turns on a consideration of the individual circumstances of each class member." *Id.* "The significance of commonality is self-evident: it provides the necessary glue among class members to make adjudicating the case as a class worthwhile." *Id.* (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 259 F.3d 154, 182 (3rd Cir.2001)). The threshold for commonality is not high, and does not require that class members share every factual and legal predicate. *Id.* A single common issue of fact or law shared by the class will satisfy the requirement of Rule 23(a)(2). *Id.* Either common questions of law or fact presented by the class will be deemed sufficient and factual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist. *K.L. v. Valdez*, 167 F.R.D. 688, 690 (D.N.M. 1996).

2.  Typicality

A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. *K.L.*, 167 F.R.D. at 691. Rule 23(a)(3) precludes certification unless the claims and defenses of the representative parties are typical of the claims or defenses of the class. *Thompson*, 250 F.R.D. at 622.  A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). *Id.* Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large. *Id.* Typicality does not require that the claims of class members be identical to the claims of the representative class plaintiffs. *Id.* (citing *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir.1982)). "[D]iffering fact situations of class members do not defeat typicality ... so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Id.* (quoting *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir.1988)). The typicality requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *Id.*

**C.  Pre-Certification Discovery**

The recognized need for pre-certification discovery is subject to limitations imposed by the Court. "(T)he management of discovery is committed to the sound discretion of the trial court ...." *Nat'l Org. for Women, Farmington Valley Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980).  The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet the requirements of Rule 23 and defendants have a realistic opportunity to rebut plaintiffs' allegations. At the same time, both parties must be protected from discovery which is overly broad, unduly burdensome, irrelevant, or which invades privileged or

confidential areas.  Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification. *Id.* Unnecessarily broad discovery will not benefit either party. *Id.* In light of these legal standards, each Interrogatory and Request for Production is addressed separately below.

**ANALYSIS**

**A.  Interrogatories**

The County seeks to compel responses to Interrogatory Nos. 3, 4, 10, 11 and 15.

Interrogatory No. 3:[2] Please identify what facts demonstrate that the actual duties of the potential class members are similar.

Interrogatory No. 4: Please identify what facts demonstrate that the actual work, performance, or individualized circumstances pertaining to each proposed member of the class are similar.

Plaintiffs objected to Interrogatory Nos. 3 and 4 on the grounds they are not relevant to class certification. [Doc. 48-1, p. 3.] Plaintiffs also object on the grounds the County is already in possession of the information and it would be unduly burdensome for Plaintiffs to gather that information only to "repackage" it for the County. *Id*. The County argues that Interrogatory Nos. 3 and 4 are relevant to commonality and typicality in that the information sought will assist in its evaluation of whether the potential class members are similarly situated.  [Doc. 48 p. 3; Doc. 59, p. 2.]

As noted above, to meet the commonality requirement, members of the putative class must possess the same interests and suffer the same injury.  *Thompson*, 250 F.R.C. at 620. Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large. *Thompson*, 250 F.R.D. at 622.  Factual differences in the claims of the class members should not result in denial of class certification where

---

[2] In their briefing, the parties address Interrogatory Nos. 3 and 4 together and, therefore, the Court will address these two interrogatories together as well.

common questions of law exist.  *K.L.*, 167 F.R.D. at 690.  There is no requirement, in a Title VII case, that the potential class members be "similarly situated." See, i.e., *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (explaining the elements of class certification in a Title VII case).

Ruling: The County's motion with respect to Interrogatory Nos. 3 and 4 is DENIED.

Interrogatory No. 10: Please state specifically what facts you have to show that there is a nexus between the named plaintiffs and the class members.

Plaintiffs objected to Interrogatory No. 10 on the grounds that information was not available and their expert witness had not had time to evaluate common facts.  [Doc. 48-1, p. 15.] Plaintiffs also provided the general statement, "the named Plaintiffs have personally experienced one or more of the issues of fact identified in response to Interrogatory No. 8.  Because the named Plaintiffs have experienced the issues of fact which are common to the class, their circumstances are fair representations of the circumstance of the class with respect to the same factual questions."  [Doc. 48-1, p. 7.]  Plaintiffs subsequently agreed to supplement their answer by identifying which plaintiffs experienced which enumerated facts based on the information available to them at the time. [Doc. 48-2, p. 2.] The County points out that Plaintiffs agreed to supplement the answer, but have failed to do so.  [Doc. 48, p. 4.] Rather than provide the information, Plaintiffs set forth general responses regarding the class as a whole and refer the County to the "EEOC rebuttal materials and supporting exhibits" for additional details. [Doc. 48-3, pp. 4 – 5.]  Plaintiffs' response is inadequate.

Referring the requesting party to previously produced or identified documents in lieu of providing a written answer is unacceptable. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004).  An answering party may affirmatively elect to produce its business records in accordance with Fed.R.Civ.P. 33(d) as its response. *Id*. It may also refer to documents

attached to its answers to the interrogatories. *Id*. Absent compliance with Rule 33(d) or attachment of appropriate documents, a responding party may not direct the requesting party to find answers from previously produced documents. *Id*.

In this case, Plaintiffs have not exercised an option under Fed.R.Civ.P. 33(d)[3] and have not referred to documents attached to their answers. Plaintiffs may not merely refer Defendant to its disclosures hoping that Defendant will be able to glean the requested information from them. *DIRECTV*, 224 F.R.D. at 680-81. Plaintiffs must provide a full response to this Interrogatory. Additionally, the Court notes that with respect to Plaintiff Mindy Hoerter, Plaintiffs include a response to the Interrogatory within their response to Defendant's motion. [Doc. 53, pp. 4 – 5.] A response to a motion to compel is not the proper vehicle for responding to discovery requests. Plaintiffs should have, and are instructed to, provide this information in a supplemental response to the Interrogatory.

Ruling: The County's Motion with respect to Interrogatory No. 10 is GRANTED.

Interrogatory No. 11:  Please state with specificity and detail the amount of damages suffered by each named plaintiff and the class members claiming harm.

Plaintiffs initially objected on the grounds that discovery is ongoing and information responsive to the request was in the Defendant's possession and that Plaintiffs' expert has not had the opportunity to prepare a damage calculation.  [Doc. 48-1, p. 7.] Plaintiffs agreed to produce preliminary information in a supplemental answer.  [Doc. 48-2, p. 2.] In their supplemental answer, Plaintiffs attempt to assert an objection that "the Court has not authorized discovery into the merits of the lawsuit and therefore Defendants and Plaintiffs are not permitted

---

[3]  To comply with the rule, the respondent must specifically designate what business records answer each interrogatory; such records must contain the information sought by the interrogatory; and the burden of deriving the answer from them must be substantially the same for the party seeking the information as for the respondent. *Pulsecard, Inc. v. Discover Card Services, Inc*., 168 F.R.D. 295, 305 (D. Kan. 1996).  In this case, Plaintiffs have not made a specific designation under Rule 33(d).

to conduct merits discovery (and the plaintiffs' and class members' damages are merits based inquiries)." [Doc. 48-3, p. 5.]   In other words, the information sought is not relevant to class certification. In spite of their objections, Plaintiffs agree to supplement the answer.   *Id*.   It appears Plaintiffs have not yet supplemented their answer and continue to be waiting on their expert's analysis because, "[a]ny information which could be provided at this time is likely to change once the expert has completed his analysis."  [Doc. 53, p. 7.]

Plaintiffs' answer is inadequate. "Parties must answer interrogatories with whatever information they have." *Pulsecard, Inc. v. Discover Card Services, Inc*., 168 F.R.D. 295, 310 (D. Kan. 1996).  The fact that Plaintiffs' information has not been fully analyzed by their expert is of no consequence.  Additionally, Plaintiffs' belated objection that the information is not relevant to class certification is waived. "When parties fail to make specific legitimate objections to particular interrogatories within the time allowed, the court may appropriately deem objections to those interrogatories waived." *Pulsecard*, 168 F.R.D. at 304 (citation and quotations omitted); Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Ruling: Defendant's motion with respect to Interrogatory No. 11 is GRANTED.

Interrogatory No. 15: State the names and addresses of any persons, who you believe have or purport to have any knowledge or information pertaining to the circumstances of the incident alleged in your Complaint and state, insofar as you or your attorneys know, the nature of such knowledge and information.

The concern raised by the County is that Plaintiffs failed to state "the nature of such knowledge and information" of each individual identified in response to this Interrogatory. [Doc. 48, p. 5.] Plaintiffs argue that their supplemental answer "which identifies persons by categories regarding their connection to the claims is self-explanatory." [Doc. 53, p. 7.]  The Court disagrees.  For example, Plaintiffs' supplemental answer identifies "[w]itnesses on the

enclosed spreadsheet," and "[a]ny witness identified in Plaintiffs' initial disclosures." Neither of these categories of witnesses describes the nature of their knowledge and information.

Ruling: Defendant's motion with respect to Interrogatory No. 15 is GRANTED.

**B.  Requests for Production**

The County seeks to compel a response to Request for Production No. 1.

Request for Production No. 1: Please provide copies of all documents or correspondence exchanged, sent or received between you, your agents and attorneys, and any of the persons identified in Interrogatory No. 15 above.

Plaintiffs initially objected to Request No. 1 claiming they were unable to respond "because they cannot determine which incident is intended to be reference in Interrogatory No. 15." [Doc. 48-1, p. 9.]  The County clarified in correspondence to Plaintiffs' counsel that the Interrogatory was referencing "any incident referred to in Plaintiffs' Complaint." [Doc. 48-4, p. 4.]  In light of this clarification, Plaintiffs objected claiming the information was protected by the attorney-client privilege and work-product doctrine. [Doc. 48-3, p. 8.] In spite of these objections, Plaintiffs agreed to produce any non-privileged communications. *Id*. The County argues that Plaintiffs did not initially object to the request based on any type of privilege, suggesting Plaintiffs waived the privilege objections.  Further, Plaintiffs failed to provide a privilege log.  [Doc. 48, p. 6; Doc. 59, p. 4.] Plaintiffs argue that they should not be compelled to produce privileged information but provide no explanation as to what they are claiming is privileged and why they failed to produce a privilege log.  [Doc. 53, pp. 7-8.]

The Court finds that Plaintiffs did not waive their privilege objections.  Request for Production No. 1 refers to "any of the persons identified in Interrogatory No. 15 above." Plaintiffs objected to Interrogatory No. 15 because they could not determine which "incident" was being referenced by Defendant.  [Doc. 48-1, p. 9.]  Without being able to respond to

Interrogatory No. 15, Plaintiffs could not know which individuals would be included in those identified for the purposes of Request No. 1.  Accordingly, Plaintiffs could not know whether any communications requested would be subject to a privilege.   Once Defendant clarified that they were referencing all of the incidents referred to in Plaintiffs' Complaint, Plaintiffs were on notice that some of the communications sought in Request No. 1 were protected by the attorney-client privilege or the attorney work-product doctrine and timely objected within their supplemental answer.  [Doc. 48-3, pp. 7 – 8.] However, Plaintiffs did not submit a privilege log in accordance with the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 26(b)(5)(A) provides that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc*., 586 F. Supp. 2d 1250, 1265 (D. Kan. 2008)    A party who withholds discovery materials because of a claim of privilege or work product protection must notify the other party that it is withholding material. *Id*., 586 F.Supp. 2d at 1266. The party who withholds discovery materials must provide sufficient information, usually in the form of a privilege log, to enable the other party to evaluate the applicability of the privilege or protection. *Id.* Failure to follow the Federal Rules of Civil Procedure may result in waiver of the attorney-client privilege and/or work-product protection. *Id.* Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed

unjustified delay in responding to discovery. *Id.* Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver. *Id.*

In this case, the Court finds that waiver is too harsh a sanction and will allow Plaintiffs to supplement their answer to Request No. 1 with a privilege log that meets the requirements of Rule 26(b)(5)(A)(ii).

<u>Ruling</u>:   The County's motion with respect to Request for Production No. 1 is GRANTED.   Plaintiffs will provide any non-privileged communications in response to this request to the extent they have not yet done so and will provide a privilege log for any communications they claim are subject to the attorney-client privilege or the attorney work-product doctrine.

<u>**CONCLUSION**</u>

Defendant Bernalillo County's `First Motion to Compel Plaintiffs'[sic] to Fully Answer and Respond to Defendants' First Set of Interrogatories and Requests for Production of Documents [Doc. 48] is hereby GRANTED in part, as set forth herein.  Plaintiffs will have thirty (30) days from the entry of this Order to supplement their discovery responses.

**IT IS SO ORDERED.**

Alan C. Torgerson
United States Magistrate Judge