IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA ZUNIGA, EMILY HERNANDEZ,
JENNIFER GALLEGOS, CASSANDRA GUTIERREZ,
PRISCILLA GUTIERREZ, STEPHANIE MANZANARES,
PAT VIGIL, MINDY HOERTER & DEANNE MIGLIO,
on behalf of themselves and all others similarly situated,

        Plaintiffs,

      v.                                      Civ. No. 11-877 RHS/ACT

BERNALILLO COUNTY, JULIAN BARELA,
and DAN MAYFIELD,

        Defendants.

MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Reschedule Case

Management Deadlines, to Submit Rebuttal Reports and for Supplemental Discovery, filed

September 19, 2013 ("Motion"). [Doc. 111.] On October 3, 2013, Defendants filed a Response

("Response").  On October 24, 2013, Plaintiffs filed a Reply ("Reply").  Having considered the

parties' submissions and the relevant law, the Court finds that Plaintiffs' Motion is **GRANTED**

**IN PART and DENIED IN PART**.

BACKGROUND

This case arises from Plaintiffs' allegations of discrimination and retaliation by the

County on the basis of their female gender. The Complaint alleges individual and class action

claims, including allegations for gender discrimination under Title VII of the Civil Rights Act of

1964 and the New Mexico Human Rights Act. [Doc. 1 at 11–16.] The named Plaintiffs seek

class certification for "[a]ll female employees grade C through H who are, were, or will be

employed by the County of Bernalillo at any time between June 18, 2008 and the present."
[Doc. 1 at 9.] The Court bifurcated class certification discovery and merits discovery. [Docs. 11
and 12.] This case is currently before this Court regarding discovery disputes pertinent to class
certification.

     A.    **<u>Plaintiff's Motion</u>**

Plaintiffs raise three issues in their Motion.  First, Plaintiffs seek an Order granting new
case management deadlines for the disclosure of each parties' statistical expert report and
deposition, and an Order providing a new deadline for the Plaintiffs' class certification.  Second,
Plaintiffs request this Court to permit Plaintiffs' expert to submit rebuttal reports to Defendants'
experts' reports within the new case management deadlines.  And third, Plaintiffs are asking this
Court to compel Defendant Bernalillo County to provide supplemental database information
responsive to their previously propounded Request for Production No. 1.

The parties agree that new case management deadline should be set for the respective
statistical experts and the class certification motion.  As such, the first issue raised in Plaintiffs'
Motion is deemed unopposed.  The parties disagree on the submission of rebuttal reports and
updated database information.

Plaintiffs argue that Fed. R. Civ. P. 26(a)(2)(D), by its plain terms, permits Plaintiffs'
disclosed experts to submit "rebuttal reports" to Defendants' expert reports that were submitted
on July 29, 2013.  [Doc. 111 at 2.] While Plaintiffs concede that their experts did not submit
rebuttal reports within the thirty (30) days as required by the rule, they assert that because the
parties are agreeing to extend expert deadlines herein, this in turn should automatically extend
the time for the submission of rebuttal reports. [Id. at 3.] That aside, Plaintiffs contend that to the
extent they failed to submit timely rebuttal reports, they failed to do so because of excusable

neglect. [Id. at 3.] Finally, Plaintiffs submit that with new case management deadlines in play, the County will have ample time to review any rebuttal reports by their experts. [Id. at 5.]

As to Plaintiffs' third issue regarding the submission of updated database information, Plaintiffs explain that the experts have been using a voluminous database on an estimated five hundred (500) County employees that the County produced on USB drives in June 2012. [Doc. 111 at 5.] Plaintiffs argue that new data and information has continued to "pour in" during the class certification stage and that well over a year has elapsed since the County first produced the database information responsive to RFP No. 1. [Id. at 6.] While the deadline for general discovery has passed, Plaintiffs contend that the County has a obligation to supplement discovery independent of any discovery deadline and should provide updated database information in response to Plaintiffs' Request for Production No. 1. [Id.]

**B.**     **County's Response**

The County objects to the submission of rebuttal reports and argues that there have been numerous extensions of deadlines in this case, and that neither the Court nor the parties ever contemplated rebuttal expert or rebuttal report deadlines. [Doc. 115 at 3.] In addition, the County asserts that the Plaintiffs failed to either submit or make any request to extend such deadlines in a timely manner. [Id.] The County further argues that Plaintiffs have failed to demonstrate excusable neglect because their expert disclose was timely, albeit on the last day of disclosure, and because Plaintiffs do not allege inadvertence, mistake, carelessness, or circumstances beyond their control, but instead demonstrate they made a tactical litigation decision to focus on matters other than rebuttal reports.  [Id. at 6.]  Finally, the County contends it would suffer substantial prejudice if Plaintiffs were permitted to submit rebuttal reports because of increased

litigation costs, a further trial delay, and by reversing the order of proof and inhibiting the development of potential defenses.  [Id. at 3.]

The County also objects to Plaintiffs' request for Defendant's supplementation of updated database information arguing that it provided complete, accurate, and correct discovery responses throughout the discovery process as required by Fed. R. Civ. P. 26(e), and that  the discovery deadline in this case has passed.  [Doc. 115 at 7.]  The County further contends that supplementation of the database information will result in additional expert analysis and the reopening of discovery because the database's information does not provide the complete context in which the data can be properly interpreted. [Id. at 8.] In sum, the County requests the Court deny Plaintiffs' request for updated database information "[b]ecause the Defendant has produced complete, accurate, and material information from its database in June of 2012 to Plaintiff, provided supplemental information when available throughout discovery, the party's experts have crafted their opinions and expert reports relying on the June 2012 data, [and ] discovery has closed in this matter." [Id. at 9.]

### C.   **Plaintiffs' Reply**

Plaintiffs assert that the County's argument that permitting Plaintiffs to proffer rebuttal reports will result in substantial prejudice is not persuasive. [Doc. 117 at 2.] Plaintiffs contend that litigation costs inevitably come with the utilization of any discovery rule, and that there is no trial or trial setting in this matter. [Id.] In addition, Plaintiffs argue that the parties are already reopening select deposition and discovery deadline and have agreed that allowing for the submission of rebuttal reports will come "with the full opportunity for the County to re-depose the experts on their rebuttal reports." [Doc. 117 at 3.] Plaintiffs also argue that they did not make a tactical decision to waive rebuttal reports, but were necessarily preoccupied with the logistics

4

of trying to prepare for and schedule expert depositions in four different states. [Doc. 117 at 6.] As such, Plaintiffs contend that their mistake in not submitting rebuttal reports was inadvertent and excusable. [Doc. 117 at 7.]

With respect to producing updated database information, Plaintiffs reassert their argument that the County has an ongoing obligation to supplement discovery even after a discovery deadline as passed. [Doc. 117 at 7.] In addition, Plaintiffs contend that the County has failed to provide any evidence or explanation as to why updating this information will require reopening discovery, particularly where the experts here are quite competent at analyzing new and updated data. [Doc. 117 at 9.] Plaintiffs urge this Court to consider what is most important is that the trial court have the most complete, accurate and updated information from the experts in adjudicating the class certification motion. [Id.]

## RELEVANT LAW

### A.    Amending Scheduling Orders

Rule 16(b) of the Federal Rules of Civil Procedure provides: "Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order after receiving the parties' report under Rule 26(f). . . .   The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Advisory Committee Notes to rule 16 explain: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Because the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test." Fed. R. Civ. P. 16, advisory committee's note to the 1983

5

amendments. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Bd. of Cnty. Comm'rs*, No. CIV 06–0776 JB/KBM, 2008 WL 2397671, at *6 (D.N .M. Jan. 30, 2008)(Browning, J.). Other courts within the Tenth Circuit have held that:

> [T]he "good cause" standard primarily considers the diligence of the party.... The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pulsecard, Inc. v. Discover Card Servs*., Inc., 168 F.R.D. 295, 301 (D.Kan.1996)(alterations in original)(internal quotation marks omitted).  Where a party is diligent in its discovery efforts and nevertheless cannot comply with the scheduling order, the Court has found good cause to modify the scheduling order if the requesting party timely brings forward its request.

**B.     Disclosure of Experts**

Rule 26(a)(2)(B) requires that a party disclose to other parties the identity of a person who may be used at trial to present evidence in the form of expert testimony, and that a report the expert prepares and signs accompany that disclosure. See Fed.R.Civ.P. 26(a)(2)(B).

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Id*. Pursuant to Rule 26(b)(4)(A), a party can depose any person identified as an expert whose opinions may be expressed at trial.  If an expert report is required under rule 26(a)(2)(B), the deposition must be conducted after the report is provided. *See id.*

Federal Rule of Civil Procedure 26(a)(2)(D) states:

6

Time to Disclose Expert Testimony.  A party must make these disclosures at the time and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:

(i)     at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii)    if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

The rules also include sanctions for insufficient disclosures.  Fed. R. Civ. P. 37(c)(1).  It provides:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  The Advisory Committee Notes for Rule 37(c) state as follows:

Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: *e.g*., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.

Fed. R. Civ. P. 33 Advisory Committee Notes (1993 Amendment).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-American Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996).  In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."  *Woodworker's Supply, Inc.*, 170 F.3d at 993.  A district court may "refuse to strike expert reports and allow expert testimony even when the expert

report violates Rule 26(a) if the violation is justified or harmless." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952 (10th Cir.2002). The United States Court of Appeals for the Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice; [iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness." *Ellsworth v. Tuttle*, 148 Fed. Appx. 653, 665 (10th Cir.2005)(quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins*. Co., 170 F.3d at 993).

### C.   Supplementing Disclosures and Responses

Federal Rule of Civil Procedure 26(e) states in pertinent part:

(1) In General.  A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).  The rules show that parties have a continuing duty to supplement discovery. See *United States v. Lujan*, 530 F.Supp.2d 1224, 1246 (D.N.M.2008)(stating that there is a continuing duty to supplement discovery).

8

## ANALYSIS

### A.        Extending Agreed-Upon Case Management Deadlines

The parties here are jointly moving this Court to set new case management deadlines for the purpose of expert reports and expert depositions for their statistical experts and to file the class certification motion.  Specifically, the parties ask that Plaintiffs' expert, Dr. Lanier, be allowed to submit a supplemental report within thirty (30) days of the entry of this Order; that Defendants' statistical expert, Dr. Baker, be allowed to submit a supplemental report thirty (30) days after the submission of Dr. Lanier's supplemental report; and that the deadline for filing the motion for class certification be extended to fifty-five (55) days after the submission of Dr. Baker's supplemental report.  In order to modify a scheduling order, a party must show good cause and obtain the judge's consent. Fed. R. Civ. P. 16(b)(4).  "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment Discussion).  Thus, the parties must show the Court that despite their reasonable diligence, they could not have met the scheduled deadlines.  Here, the parties agree that despite their reasonable diligence, they cannot meet the scheduled deadlines.  As such, the Court finds that there is good cause and will modify the Scheduling Order and set new case management deadlines for the purpose of expert reports and expert depositions for their statistical experts and to file the class certification motion.

### B.        Rebuttal Expert Report Deadline

In addition to these agreed-upon modifications to the Scheduling Order, Plaintiffs are separately requesting that the Court extend the deadline for the filing of rebuttal expert reports. Plaintiffs argue that Fed. R. Civ. P. 26(a)(2)(D), by its plain terms, permits Plaintiffs' disclosed

experts to submit "rebuttal reports" to Defendants' expert reports.  However, the sticking point here is the fact that Plaintiffs failed to comply with requirements of Fed. R. Civ. P. 26(a)(2)(D)(ii) and provide their rebuttal reports "within 30 days after the other party's disclosure" and did not seek an extension until two weeks after the 30 days has passed. Plaintiffs essentially argue this is a moot point because by agreeing to extend the deadline for submitting supplemental expert reports by Dr. Lanier and Dr. Baker, the deadline for submitting rebuttal reports should be extended automatically.  Defendants argue that because Plaintiffs failed to provide their rebuttal reports within the 30 days from July 29, 2013, as proscribed by Fed. R. Civ. P. 26(a)(2)(D)(ii), any submission at this point would be untimely irrespective of their newly agreed upon extension for submitting supplemental expert reports.

        The Court finds that because good cause has been established to modify the Scheduling Order with respect to supplemental expert reports, and because no deadline for the submission of rebuttal expert disclosures was ever set by the parties or this Court, the provisions of Fed. R. Civ. P. 26(a)(2)(D)(ii) allowing rebuttal reports within thirty (30) days after the other party's disclosure would govern.  That said, even if the Court were to apply an analysis of Defendants' argument pursuant to Fed. R. Civ. P. 37(c)(1), the Court would come to the same conclusion. Pursuant to Fed. R. Civ. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Tenth Circuit Court of Appeals has articulated the following four factors to be considered in determining whether a failure to disclose is justified or harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing

such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc.*, 170 F.3d at 993 (10th Cir. 1999) (quoting *Mid-American Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc.*, 170 F.3d at 993.

Here, because Plaintiffs have conceded their expert rebuttal reports were untimely, the pivotal issue is whether Plaintiffs' failure to disclose is either justified or harmless. While the County argues that it would be prejudiced by the untimely disclosure of Plaintiffs' expert rebuttal reports, the Court considers the prejudice to be low and curable because the County will have an opportunity to re-depose the experts on their rebuttal reports. Furthermore, the County's statement that allowing rebuttal reports will reverse "the order of proof and inhibit the development of potential defenses," without more, is unpersuasive. In addition, Plaintiffs' delay amounted to 16 days at which time Plaintiffs alerted the County regarding its intent to submit a rebuttal report. Thus, there is nothing in the record to suggest that Plaintiffs' delay was the result of bad faith or willfulness, nor is there an element of surprise. Furthermore, as noted by Plaintiffs, there is no trial setting in this case and the parties by agreement are extending expert discovery deadlines herein. Applying the factors articulated by the Tenth Circuit in *Woodworker's Supply, Inc.*, Plaintiffs' untimely disclosure of expert rebuttal reports is harmless.

For these reasons, the Court finds that Plaintiffs' Motion to modify the Scheduling Order to allow for rebuttal expert reports in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii) is well taken and will be **GRANTED**.

### C.      Updated Database Information

Lastly, Plaintiffs are asking this Court to require the County to supplement its Request for Production No. 1 and provide updated database information. Fed. R. Civ. P. 26(e) requires a party who has responded to a request for production to supplement or correct its disclosure to response in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A).  While Plaintiffs argue that the "County has inevitably received new and updated information on dates of termination, gross earnings, pay increases and the like for the five hundred (500) County employees" since initially providing its database in July 2012, this does not necessarily mean that the County's disclosure is incomplete or incorrect "in some material respect."  The County has affirmatively stated it "has produced complete, accurate, and material information from its database in June of 2012 to Plaintiff [and] provided supplemental information when available throughout discovery."  Thus, while the parties have an continuing obligation to supplement discovery, supplementation is governed by Fed. R. Civ. P. 26(e)(1)(A) and there is nothing in the record to suggest that the County has not complied with its obligations.

For these reasons, the Court finds that Plaintiffs' Motion regarding the County's supplementation of updated database information is not well taken and is **DENIED**.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reschedule Case Management Deadlines, To Submit Rebuttal Reports and For Supplemental Discovery is **GRANTED IN**

**PART and DENIED IN PART** as described above.  The case management deadlines are

extended as follows:

      1.      Dr. Lanier's supplemental expert report is due on February 10, 2014;

      2.      Dr. Baker's supplemental expert report is due on March 12, 2014;

      3.      Rebuttal reports are due on April 11, 2014;

      4.      All expert depositions must be completed by May 15, 2014; and

      5.      The motion for class certification is due June 5, 2014.

**IT IS SO ORDERED.**


**ALAN C. TORGERSON**
**United States Magistrate Judge**